UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DONALD JOE JAY,<br><br>        Defendant. | Case No. 4:20-cr-00195-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Donald Jay's Motion to Dismiss Superseding Indictment. Dkt. 59. Jay was originally indicted for unlawful possession of a Kahr firearm on August 25, 2020. The Government obtained a superseding indictment that added a separate count for unlawful possession of an SKS rifle on April 26, 2022. Jay filed the instant Motion to Dismiss on April 29, 2022. For the reasons set forth below, the Court DENIES the Motion to Dismiss.

## II. BACKGROUND

Jay was first indicted on August 25, 2020, with a single charge for possession of a firearm by a prohibited person under 18 U.S.C. §§ 922(g)(1), 924(a)(2). That charge states that on or about January 4, 2020, Jay knowingly possessed a Kahr Arms, Model CM9, 9x19 mm caliber pistol.

In August 2021, the Government acquired evidence of a jail phone call in which Jay told his wife about the locations of other firearms. That phone call appears to have taken

MEMORANDUM DECISION AND ORDER - 1

place on October 24, 2019.

The grand jury returned a superseding indictment on April 26, 2022. The superseding indictment adds a second count for possession of a firearm by a prohibited person also on or about January 4, 2020. This count is tied to a Norinco, model: SKS 7.62x39 caliber rifle. That SKS rifle was found in the same car at the same time as the Kahr firearm.

This case is set for trial on May 9, 2022. In advance of that trial, Jay filed the instant Motion to Dismiss (Dkt. 59) and the Government has filed its response (Dkt. 62).

### III. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 48(b), "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial."

"Although the rule confers discretion upon the district judge, a Rule 48(b) dismissal 'should be imposed only in extreme circumstances.'" *United States v. Huntley*, 976 F.2d 1287, 1291 (9th Cir. 1992) (quoting *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 737 (9th Cir. 1989)). Dismissals under Rule 48(b) are proper generally only when the delay is "purposeful or oppressive." *Id.* at 1292.

Additionally, the Ninth Circuit has held that before a court may dismiss an indictment under Rule 48(b), there must be "forewarning" and "caution." *Id.* "The term 'caution' is used in this circuit in a non-obvious, technical sense. Caution requires findings of prosecutorial misconduct and actual prejudice to the accused." *Id.*

## IV. DISCUSSION

Jay does not meet his burden in establishing that any delay in bringing the superseding indictment prejudiced him. He only makes a conclusory statement that the delay was prejudicial. Because Jay fails to make any showing of actual prejudice, the Court must deny the Motion to Dismiss under Rule 48(b).

Jay also argues that the superseding indictment should be dismissed because the underlying evidence is insufficient to support the charge.[1] That is for the jury to determine. The Fifth Amendment calls for indictments before a grand jury. "[N]either the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act." *Costello v. United States*, 350 U.S. 359, 362 (1956). Indictments are not "to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury." *Id.* at 363. Such a rule would allow a defendant to "insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury." *Id.* This is not what the Fifth Amendment requires.

Consistent with this Fifth Amendment principle, Federal Rule of Criminal Procedure 12(b)(1) allows for pretrial challenges to an indictment that the court can determine "without a trial on the merits." A criminal defendant "may not properly challenge an indictment sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)

---

[1] Jay does not specify what provision or rule applies to this argument.

(quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)). "Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not 'invade the province of the ultimate finder of fact.'" *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Courts may consider "former jeopardy, former conviction, former acquittal, statute of limitations, immunity, and lack of jurisdiction" when considering a motion to dismiss an indictment. *Id.* (cleaned up).

Jay is asking the Court to dismiss the superseding indictment because the telephone call is insufficient evidence of the offense. The Court cannot dismiss the superseding indictment for this reason because it is for the jury to determine the sufficiency of the evidence.[2]

Accordingly, the Government DENIES Jay's Motion to Dismiss (Dkt. 59).

## V. ORDER

The Court HEREBY ORDERS:

1. Defendant Donald Jay's Motion to Dismiss Superseding Indictment (Dkt. 59) is DENIED.

DATED: May 5, 2022

David C. Nye
Chief U.S. District Court Judge

---

[2] The Court also notes that the telephone call may not be the Government's only piece of evidence on this issue.

MEMORANDUM DECISION AND ORDER - 4