UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD JOE JAY,<br><br>    Defendant. | Case No. 4:20-cr-00195-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Donald Jay's Motions in Limine. Dkts. 54, 70. Trial in this matter is set to begin on May 9, 2022. Jay's first Motion in Limine (the "First Motion") asks that the Court exclude evidence and testimony that Jay possessed a methamphetamine smoking pipe on the date of his arrest. Dkt. 54. Jay's second Motion in Limine (the "Second Motion") asks that the Court preclude testimony from the Government's expert witness that the amount of DNA on the subject handgun is consistent with Jay handling the firearm. Dkt. 70.

Upon review, and for the reasons set forth below, the Court GRANTS both the First Motion and the Second Motion.

## II. BACKGROUND

Jay is charged with two counts of unlawful possession of a firearm. The superseding indictment alleges that on or about January 4, 2020, Jay possessed a Kahr Arms, model

CM9, 9x19 mm caliber pistol (the "Kahr pistol") and a Norinco, model SKS 7.62x39 caliber rifle (the "Norinco rifle") despite having a 2012 conviction for possession of methamphetamine.

The Government found the two firearms during a traffic stop of a vehicle in which Jay was a passenger. While the vehicle was stopped, Jay removed a methamphetamine pipe from his pocket and threw it into the back seat. Dkt. 28, at 5. Seeing this, the officer had probable cause to search the vehicle, and during that search, he found the firearms. *See id.* at 5–6; Dkt. 54.

In advance of trial, the Government disclosed its expert witness, Jessica Van Dyke, an FBI lab analyst, to testify about Jay's DNA found on the Kahr pistol. No DNA was found on the Norinco rifle.

On April 25, 2022, Jay filed his First Motion in Limine, asking that the Court exclude any evidence about the methamphetamine pipe. On May 2, 2022, Jay filed his Second Motion in Limine, asking that the Court preclude any expert testimony that the DNA found on the Kahr pistol was consistent with Jay touching the gun and inconsistent with a transfer of Jay's DNA from another surface to the gun.

### III. LEGAL STANDARD

A. **Motion in Limine**

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Miller v. Lemhi Cty.*, No. 4:15-cv-00156-DCN, 2018 WL 1144970, at *1 (D. Idaho Mar. 2, 2018) (citing *United States v.*

*Tokash*, 282 F.3d 962, 968 (7th Cir. 2002)). "The term 'in limine' means 'at the outset.' A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quoting Black's Law Dictionary 803 (8th ed. 2004)).

Because "[a]n in limine order precluding the admission of evidence or testimony is an evidentiary ruling," *United States v. Komisaruk*, 885 F.2d 490, 493 (9th Cir. 1989) (cleaned up), "a district court has discretion in ruling on a motion in limine," *United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991). Further, in limine rulings are preliminary and, therefore, "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

### IV. DISCUSSION

**A. The First Motion (Dkt. 59) – Methamphetamine Pipe**

In his First Motion, Jay requests that the Court exclude evidence that Jay removed a methamphetamine smoking pipe from his clothing and dropped it into the motor vehicle. Jay admits this conduct provided probable cause for law enforcement to search the vehicle.[1] Dkt. 59, at 1. During that search, the Government discovered the firearms. Jay argues that evidence of the methamphetamine pipe is unfairly prejudicial and should thus be excluded.

The Government does not oppose the First Motion. Accordingly, the Court GRANTS the Fist Motion. However, if during the trial Jay opens the door by questioning

---

[1] This is not the only evidence of probable cause. Both the driver and Jay were arrested so the officers would have done the search of the vehicle incident to arrest.

MEMORANDUM DECISION AND ORDER - 3

the probable cause for the search, the Court will allow evidence of the methamphetamine pipe. This would require a motion outside the presence of the jury asking the Court to reverse this ruling based on the circumstances.

### B. The Second Motion (Dkt. 70) – DNA Expert Witness

In his Second Motion, Jay requests the Court to preclude the Government's expert witness from expressing an opinion as to how Jay's DNA came to be on the Kahr pistol. The Government indicated that it intends to call Jessica Van Dyke, an FBI lab analyst, as an expert witness to testify in part that the levels of DNA found on the Kahr pistol are consistent with Jay having actually handled or touched the pistol with his bare hand or skin and are inconsistent with a transfer of Jay's DNA from another surface to the gun. Dkt. 58, at 3.

Jay contends that this opinion does not have empirical or statistical support. He argues that the FBI's DNA testing "can only confirm or disprove the existence of DNA of an individual on the subject handgun" and cannot "determine how the DNA came to be on the surface being tested." Dkt. 70.

The Government has since clarified that it misstated the expected testimony of its witness and that it will not seek to have Van Dyke testify that the levels of DNA found on the Kahr pistol are consistent with the Defendant having actually handled or touched the firearm with his bare hand or skin. Dkt. 75. Thus, the Government does not oppose the Second Motion either. As such, the Court also GRANTS the Second Motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Defendant Donald Jay's first Motion in Limine (Dkt. 54) is GRANTED.

2. Defendant Donald Jay's second Motion in Limine (Dkt. 75) is GRANTED.

DATED: May 6, 2022

_____
David C. Nye
Chief U.S. District Court Judge